IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| JENNIFER THOMPSON and CHRISTOPHER DOXEY, as Natural Parents and Next Friends of ACD, a minor | PLAINTIFFS |
| v. | CAUSE NO. 1:22cv125-LG-RPM |
| PASS CHRISTIAN PUBLIC SCHOOL DISTRICT; JONES COLLEGE; JEDEDIAH "JED" MOONEY, individually; BRENDAN CONNOLLY, individually; KM, a minor; CR, a minor; LL, a minor; TC, a minor; MM, a minor; and JOHN OR JANE DOES 1-10 | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER DENYING
<u>PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

Plaintiffs Jennifer Thompson and Christopher Doxey, as Natural Parents and Next Friends of ACD, a minor, seek partial summary judgment as to their negligent supervision claim against Pass Christian Public School District ("PCSD"). For the reasons that follow, the Court finds that Plaintiffs' Motion [265] should be denied.

**BACKGROUND**

Plaintiffs allege that their minor son, ACD, was bullied and sexually harassed by his teammates on the Pass Christian High School ("PCHS") soccer team. While Plaintiffs claim that the facts of this case are completely undisputed, PCSD disputes many of Plaintiffs' itemized facts in its Memorandum in Opposition.

While considering Plaintiffs' Motion, the Court must construe the facts in the light most favorable to PCSD.[1]

On June 16, 2021, part of the PCHS soccer team, including ACD and Minor Defendants KM, CR, LL, TC, and MM, traveled in one of PCSD's buses to Jones College for a soccer camp. The PCSD School Board approved the trip, and the team's new soccer coach, Michael Archbold, accompanied the team. While at Jones College, the teammates stayed on the second floor of a dormitory made up of four-bedroom suites, while Coach Archbold and the coaches for other participating teams slept in rooms on the first floor. ACD, KM, CR, LL, TC, and MM stayed in the same suite. At the time of the camp, ACD, KM, CR, and MM were freshmen, and TC was a sophomore.

At around midnight on the last night of camp, KM poured CR's semen on ACD's face while he was sleeping. MM shared a video of the incident on Instagram and Snapchat. ACD did not report his teammates' mistreatment to his parents, coach, or any other adult until after the camp. The team left the camp early the following morning, which was a Friday, because a hurricane was approaching the Mississippi Gulf Coast.

ACD told his mother about his teammates' mistreatment the following Monday, June 21st. That day, ACD's mother and father reported the incidents to

---

[1] The Court included a discussion of the facts in the light most favorable to the Plaintiffs, as well as a more thorough discussion of school district liability under the MTCA, in its Memorandum Opinion and Order concerning PCSD's [258] Motion for Summary Judgment.

PCHS Principal Boyd West, who encouraged them to file a police report. ACD and his parents met with the Jones County Police Chief on Tuesday, June 22nd in order to file criminal charges against his teammates. Principal West promptly investigated ACD's allegations, and PCSD disciplined KM, CR, MM, and TC.

In their Complaint, Plaintiffs sued PCSD, Jones College, PCHS Assistant Principal Jedidiah Mooney, Jones College Soccer Coach Brendan Connolly, and the following minors: KM, CR, LL, TC, and MM. The Court previously dismissed all of the claims pending against Connolly pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiffs filed a Motion to Dismiss their claims against Minor Defendant LL, which was granted by the Court. Plaintiffs filed a stipulation dismissing Assistant Principal Mooney. It appears that ACD and all of the minor defendants are now over age eighteen but under age twenty-one, which is the age of majority in Mississippi. *See* Miss. Code Ann. § 1-3-27.

In their [42] First Amended Complaint, Plaintiffs attempted to assert several federal and state claims against PCSD. The Court granted PCSD's Motion to Dismiss Plaintiffs' Fourteenth Amendment, assault and battery, and civil conspiracy claims pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiffs now seek partial summary judgment on their negligence claim against PCSD, which was filed pursuant to the Mississippi Tort Claims Act ("MTCA").

## DISCUSSION

A motion for summary judgment may be filed by any party asserting that there is no genuine issue of material fact, and that the movant is entitled to prevail

as a matter of law on any claim. Fed. R. Civ. P. 56. The movant bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Id.* at 324–25. The non-movant may not rest upon mere allegations or denials in its pleadings but must set forth specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256–57 (1986). "Factual controversies are resolved in favor of the non-moving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Plaintiffs claim that PCSD breached its duty to supervise the minors who attended the Jones Camp. To prove negligent supervision, "a plaintiff must establish by a preponderance of the evidence the existence of a duty of care, a breach of that duty, proximate causation, and compensable damages." *Stephens v. Miller*, 970 So. 2d 225, 227 (Miss. Ct. App. 2007).

The MTCA governs state law claims against Mississippi school districts and other governmental entities. *Smith ex rel. Smith v. Leake Cnty. Sch. Dist.*, 195 So. 3d 771, 774–75 (Miss. 2016). "Under the MTCA, sovereign immunity is waived for claims for money damages arising out of the torts of governmental entities and their employees, unless they are explicitly exempted from this waiver under Section 11-

46-9(1) of the Mississippi Code." *J.E. v. Jackson Pub. Sch. Dist.*, 264 So. 3d 786, 791 (Miss. Ct. App. 2018). This subsection exempts from governmental immunity claims that are related to discretionary functions but not claims for breaches of ministerial duties. *Smith*, 195 So. 3d at 791; *see also* Miss. Code Ann. § 11-46-9(1)(d).

School districts have "a ministerial duty . . . to use ordinary care and to take reasonable steps to minimize foreseeable risks to students thereby providing a safe school environment." *Smith*, 195 So. 3d at 777 (citing Miss. Code Ann. § 37-9-69). They also have a ministerial duty to prevent bullying "on school property, at any school-sponsored function, or on a school bus." *Id.* at 779; Miss. Code Ann. § 37-11-67(1).

Here, the pertinent question is whether PCSD failed to use ordinary care to prevent a foreseeable injury to ACD. *See T.K. ex rel. D.K. v. Simpson Cnty. Sch. Dist.*, 846 So. 2d 312, 317 (Miss. Ct. App. 2003). Plaintiffs first argue, "It is undisputed PCSD breached its duty of ordinary care to supervise minors at a camp it was paid to host." Pls.' Mem. [266] at 11. However, PCSD vigorously opposes Plaintiffs' Motion, and it has sought summary judgment as to Plaintiffs' negligent supervision claim. In addition, to the extent that the identity of the camp host is relevant to the present Motion, the Court has not located any evidence or testimony that would support a finding that PCSD was the camp host. For example, the parents of the minors who participated in the camp, which was located on Jones's campus, signed a waiver that stated, "I hereby desire my child to participate in the

-5-

Soccer Camp offered by Brendan Connolly at Jones County Junior College . . . ." Resp. [291], Ex. 1. The record reflects that Connolly was Jones' head soccer coach and the camp director.

Plaintiffs also incorrectly claim that PCSD admitted it provided no supervision at the camp. ACD and his teammates testified that Coach Archbold rode the bus with the team both to and from camp. He also escorted the players to the dormitory at camp, and he told ACD and his teammates how to reach him during camp if any problems arose. ACD and his teammates also stated that Archbold was at the team's meetings, games, and practices during camp. CR and TC noted that Archbold would knock on their doors and tell them to get ready for camp sessions. Archbold testified that he would walk around the two common areas of the dormitory where he and the players stayed during camp. At 10:30 p.m., he would check the players' rooms to make sure the lights were out, and no noise was being made. He felt it was inappropriate to enter the players' suites when the lights were out, and the doors were shut.

The Mississippi Supreme Court has indicated that the age of the children at issue and the length of time they are left unsupervised must be weighed in order to determine "what constitutes proper and adequate supervision." *Todd v. First Baptist Church of W. Point*, 993 So. 2d 827, 830 (Miss. 2008). Given the disputed facts presented, the determination of whether PCSD, by and through Archbold, provided adequate supervision cannot be made on summary judgment.

Plaintiffs next argue that Archbold breached his duty to supervise the

students because he was unaware that ACD was held down and his clothes were stripped off by his teammates during camp.  However, KM, CR, and TC testified that ACD was not held down and stripped naked during camp.  Plaintiffs cannot rely on disputed facts to obtain summary judgment, and the Court cannot weigh evidence or consider credibility while considering whether to award summary judgment.  *See* Fed. R. Civ. P. 56(a) (providing that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact"); *see also Liberty Lobby, Inc.*, 477 U.S. at 255 (holding that "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts" are prohibited when ruling on summary judgment).

Finally, Plaintiffs ask the Court to find that PCSD provided negligent supervision as a matter of law because PCSD's athletic handbook requires constant supervision of athletes.  The handbook's guidelines for coaches provides:

> Supervision is one of the most important aspects in coaching/teaching.  All staff members must understand the liability factors regarding this policy.  Failure to supervise students/athletes **AT ALL TIMES** could result [sic] administrative action up to and including termination.

Mot. [265], Ex. 2 (emphasis in original).  However, the Mississippi Supreme Court has rejected the assertion that manuals, regulations, and local ordinances impose ministerial duties on governmental entities.  *Wilcher v. Lincoln Cnty. Bd. of Supervisors*, 243 So. 3d 177, 183–84 (Miss. 2018).  The Court held that "this practice is certainly not what the Legislature intended.  In fact, this approach is completely backwards." *Id.* at 184.  The Court was particularly concerned that MCTA

plaintiffs frequently cite internal policies, regulations, and statutes to create duties that do not otherwise exist under Mississippi law. *See id.* The MCTA was intended to limit the liability of governmental entities, not expand their liability. *See id.*

The Mississippi appellate courts have also rejected the argument that internal policies can impose higher duties on a defendant in non-MTCA cases. *See, e.g., Boyd Tunica, Inc. v. Premier Transp. Servs., Inc.*, 30 So. 3d 1242, 1249 (Miss. Ct. App. 2010) (holding that a bus owner's policy requiring passengers to wear seatbelts did not create a duty to require passengers to wear seatbelts because Mississippi's seat-belt law does not apply to passenger vehicles).

Contrary to Plaintiffs' assertions, "[a]bsent special, dangerous circumstances, a school district does not have the duty of providing constant supervision of all movements of pupils at all times." *Chaffee v. Jackson Pub. Sch. Dist.*, 270 So. 3d 905, 909 (Miss. 2019). In addition, a "school is not an insurer of the safety of pupils, but has the duty of exercising ordinary care, of reasonable prudence, or of acting as a reasonable person would act under similar circumstances." *Summers v. St. Andrew's Episcopal Sch., Inc.*, 759 So. 2d 1203, 1213 (Miss. 2000). For example, the Mississippi Court of Appeals recently held that a coach did not have a duty to supervise his students "in the locker room while they were changing into their basketball practice attire." *Aldridge v. S. Tippah Cnty. Sch. Dist.*, No. 2023-CA-00418-COA, 2024 WL 3870492, at *4 (Miss. Ct. App. Aug. 20, 2024).

Finally, a school district is generally not liable when the district "had no notice of any disagreement or brewing animosity between" the students. *Id.* at *5.

While ACD and his father claim that they notified a PCSD employee that ACD's teammates had bullied him prior to camp, PCSD has presented testimony disputing those assertions. As a result, genuine issues of material fact prevent entry of partial summary judgment in favor of Plaintiffs.

## CONCLUSION

For the foregoing reasons, Plaintiffs are not entitled to partial summary judgment. To the extent the Court has not addressed any of the parties' remaining arguments, it has considered them and determined that they would not alter the result.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [265] Motion for Partial Summary Judgment filed by Plaintiffs Jennifer Thompson and Christopher Doxey, as Natural Parents and Next Friends of ACD, a minor, is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 30th day of November, 2024.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE